UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------
WILLIE SUMPTER,

                                    Plaintiff,

                                                              9:05-CV-0868
                                                              (TJM)(DEP)

        v.

D. SKIFF, Counselor, Gouverneur Correctional Facility;
LUCIEN J. LECLAIRE, JR., Deputy Commissioner,

                                    Defendants.
-------------------------------------------------------------------------
**APPEARANCES:**                      **OF COUNSEL:**

WILLIE SUMPTER
Plaintiff, *pro se*
03-R-5377

HON. ELIOT SPITZER                    MICHAEL G. MCCARTIN, ESQ.
Office of the Attorney General
State of New York
Department of Law
The Capitol
Albany, New York 12224

THOMAS J. MCAVOY, SENIOR JUDGE

<u>**Decision and Order**</u>

        Presently before this Court is a Motion by the Plaintiff Willie Sumpter ("Plaintiff"

or "Sumpter") for injunctive relief.  Docket No. 22.  Defendants have opposed the

Motion.  Docket No. 23.

**A.      Background.**

        By way of background, the underlying claims in this action are against D. Skiff, a

corrections counselor and member of the Time Allowance Committee at Gouverneur

Correctional Facility, and Commissioner Glen Goord.  Plaintiff alleges that Skiff

wrongfully required certain programing for him and, after Plaintiff failed to fully comply

with all of the programing, Skiff was a member of the Time Allowance Committee that

denied Plaintiff good time.  *See* Amended Complaint, Docket No. 5. Commissioner Goord, as the official responsible for oversight of Plaintiff's appeal from the Time Allowance Committee, allegedly violated Plaintiff's rights by permitting an improper and illegal decision to be upheld in the appeal process. *Id.*

**B.     Plaintiff's Motion for Injunctive Relief.**

In this Motion, Plaintiff seeks an Order from this Court finding that the New York State Division of Parole violated Plaintiff's rights, and directing that the Division of Parole release Plaintiff from the Department of Corrections' custody forthwith.  Docket No. 22.  Defendants oppose this Motion on a number of grounds, including that Plaintiff seeks injunctive relief against a party who is not a party to this action.  Docket No. 23.

The standard a court must utilize in considering whether to grant a request for injunctive relief is well-settled in this Circuit.  As the Second Circuit noted in *Covino v. Patrissi,* 967 F.2d 73 (2d Cir. 1992), the movant must show: (a) irreparable harm and (b) either (1) a likelihood of success on the merits of the claim or (2) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking injunctive relief.  *Id.* at 77 (affirming district court's denial of inmate's request for preliminary injunction); *see also Roucchio v. LeFevre*, 850 F. Supp. 143, 144 (N.D.N.Y. 1994) (McAvoy, C.J.) (adopting Report-Recommendation of Magistrate Judge that denied inmate's request for injunctive relief).

However, as Defendants have correctly asserted, the New York State Division of Parole is not a party to this action.  Plaintiff is advised that, except in limited circumstances not relevant herein, a Court may not order injunctive relief as to non-parties to an action.  *See* Rule 65(d) of the Federal Rules of Civil Procedure ("[e]very order granting an injunction ... is binding only upon the parties to the action ..."); *United*

*States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988).  Accordingly, Plaintiff's Motion for injunctive relief against the New York State Division of Parole must be denied.

WHEREFORE, on the basis of the above, it is hereby

ORDERED, that Plaintiff's Motion for injunctive relief (Docket No. 22) is denied, and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

IT IS SO ORDERED.

Dated:November 28,2006

Thomas J. McAvoy
Senior, U.S. District Judge